CAUSE NO. 09CV0786

| | | |
|---|---|---|
| PATRICK AND LYNDA MICHAELSKI<br>Plaintiffs, | §<br>§<br>§ | IN DISTRICT COURT OF |
| vs. | §<br>§ | |
| JOHN AND PEGGY WRIGHT and<br>CARLEN CONCEPTS, LLC.<br>Defendants | §<br>§<br>§<br>§ | GALVESTION COUNTY, TEXAS<br><br>122nd JUDICIAL DISTRICT |

## PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE COURT:

NOW COMES PATRICK AND LYNDA MICHAELSKI, hereinafter called Plaintiffs, complaining on JOHN WRIGHT, PEGGY WRIGHT, CARLAN CONCEPTS, LLC, GRANT DEITZ and REBECCA DEITZ, hereinafter referred to as Defendants, and file this their Third Amended Original Petition and would show as follows:

### DISCOVERY CONTROL PLAN

1.  This case seeks damages of more than $50,000.00 and pursuant to Rule 190.1 Ted.R.CivP., discovery will be conducted under Level 2. There is currently a Docket Control Order which controls discovery in this case.

### PARTIES

2.  Plaintiffs are resident citizens of Clear Lake Shores, Galveston County, Texas.

3.  Defendants, JOHN WRIGHT and PEGGY WRIGHT, have heretofore been served with citation and answered herein and may be served by serving their attorney of record, Mr. Brian M. Chandler, Ramey, Chandler, McKinley & Zito, P.C., 750 Bering Drive, Suite 600, Houston, Texas 7057.

4. Defendant, CARLEN CONCEPTS, LLC, is a business entity duly licensed and existing under the laws of the State of Texas, have heretofore been served with citation and answered herein and may be served by serving their attorney of record, Steven T. Parker, PC, 715 Clear Lake Road, Suite 101, Clear Lake Shores, Texas 77565.

5. Defendant, GRANT DEITZ, Individually, who is a resident of Texas, has been served citat6ion and answered herein and may be served through his attorney of record, Kenneth C. Kaye, 1101 West Main Street, Suite P, League City, Texas 77573.

6. Defendant, REBECCA DEITZ, Individually, who is a resident of Texas, has been served citat6ion and answered herein and may be served through her attorney of record, Kenneth C. . Kaye, 1101 West Main Street, Suite P, League City, Texas 77573.

7.

## VENUE

8. The subject matter in controversy is within the jurisdictional limits of this Court.

9. This Court has jurisdiction over the parties because Plaintiffs and Defendants are Galveston County Texas residents.

10. Venue in Galveston County is proper in this cause under the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this County.

## FACTS

11. Some month ago, Defendants, JOHN WRIGHT AND PEGGY WRIGHT (hereinafter referred to as "WRIGHT"), employed GRANT DEITZ and REBECCA DEITZ (hereinafter referred to as DEITZ), contractors and owners of CARLEN CONCEPTS, LLC, to construct their home at 111 Pine Street, which is directly behind and adjacent to Plaintiffs' home located at 1019 North Shore

Drive, Clear Lake Shores, Galveston County, Texas.

12. The Defendants, acting together, raised the level of the WRIGHT's lots so that the top of the bottom floor of the WRIGHTS' home being constructed by CARLEN CONCEPTS, LLC and DIETZs, was 8.2 feet, which is approximately two (2) feet higher than the top of the bottom floor of Plaintiffs' home. This difference in heights has caused a severe adverse flooding impact to Plaintiffs' property and is in violation of the Drainage Requirements and Building Codes of the City of Clear Lake Shores, Texas, as well as the Texas Water Code and/or the International Residential Code and the Common Law of the State of Texas. The Defendants were negligent in failing to provide drainage facilities on and along the common property line with the Plaintiffs that would capture drainage now flowing unabated from Defendants' elevated lots unto Plaintiffs' property.

13. Because of Defendants' negligent failure to install and utilize adequate drainage facilities, the Plaintiffs' home has been flooded and severely damaged on two (2) recent occasions, April 18, 2009 and April 24, 2009, by rain water flowing from and off Defendants' elevated lots and onto and into Plaintiffs' property.

## NEGLIGENCE AND GROSS NEGLIGENCE

14. Plaintiffs would show that Defendants were negligent (i.e. failed to use ordinary care or to perform their operations in the manner of an ordinary, prudent contractor) in the work that they performed as follows:

- A. Failed to reasonably perform the construction so as to avoid damaging surrounding properties;

- B. Failed to raise the level of Defendant WRIGHT's lot at a safe height in order to avoid flooding;

- C. Failed to abide by the drainage requirements and building codes of the city of Clear Lake Shores, Texas;

- D. Failed to redirect drainage water from Plaintiffs' home;

E. Failed to adequately supervise the other trades working on the home;

F. Failed to adequately train employees and subcontractors; and

G. Failed to promptly discover, address and remediate the damage they caused to Plaintiffs' home.

Defendants' negligence was the proximate cause of the damages set forth herein.

## VIOLATION OF TEXAS WATER CODE § 11.086

14. Plaintiffs would show that defendants Defendants are in direct violation o f Texas Water Code § 11.086, which states:

(a) No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded.

(b) A person whose property is injured by an overflow of water caused by an unlawful diversion or impounding has remedies at law and in equity and may recover damages occasioned by the overflow.

The construction by Defendants diverted the natural flow of surface waters, causing water to accumulate on Plaintiffs' property and proximately causing the damages set forth herein.

## NUISANCE AND NUISANCE PER SE

15. Plaintiffs would show that Defendants created a nuisance which interfered with Plaintiffs' reasonable use and enjoyment of Plaintiffs' land by negligently diverting the natural flow of groundwater in a way which they knew or should have known would cause water to accumulate on Plaintiffs' property and intentionally and unreasonably failing to correct the flow of groundwater onto Plaintiffs' property by installing the proper bulk heads.

16. Nuisance per se is generally defined as an act which is a nuisance at all times and under any circumstances, such as an act in direct violation of law. Defendants committed nuisance per se by way of violating the Drainage Requirements and Building Codes of the City of

Clear Lake Shores, Texas, as well as the Texas Water Code and/or the International Residential Code and the Common Law of the State of Texas, resulting in the damages set forth herein.

## TRESPASS

17. Plaintiffs would show that Defendants committed trespass (unauthorized entry upon land) by intentionally and voluntarily increasing the elevation of WRIGHTs' property to result in the invasion of groundwater onto Plaintiffs' property and by refusing to redirect the flow of groundwater away from Plaintiffs' property, resulting in the damages set forth herein.

## EXEMPLARY DAMAGES

18. Defendants' conduct in wrongfully diverting water from the WRIGHTS' property in the fashion above alleged, was grossly negligent and resulted from Defendants' malice, and their willfully and consciously ignoring the mandates of the pertinent law and ordinances concerning such obligations and conduct, which entitles Plaintiffs to recover exemplary damages under Texas Civil Practice & Remedies Code § 41.003 (a).

## DAMAGES

19. As a result of the Defendants' negligence and/or gross negligence, which negligence and/or gross negligence proximately caused the incident made the basis of this suit and the resulting damages suffered by Plaintiffs, the Plaintiffs are entitled to damages for the following:

    A.    Loss of market value;

    B.    Repair/restoration and/or loss of use damages;

    C.    Out of pocket expenses;

    D.    Diminution in property value;

    D.    Exemplary damages;

    F.    Prejudgment and post-judgment interest; and

G.    Costs of suit.

## JURY DEMAND

20.    Plaintiffs assert their right to a trial by jury and hereby makes this demand for a jury trial. Plaintiffs submitted the jury fee with the filing of their Original Petition.

## PRAYER

21.    For these reasons, Plaintiffs ask that Defendants be cited to appear and answer and, on trial, that Plaintiffs be awarded a judgment against Defendants, jointly and severally, for a sum within the jurisdictional limits of the Court, prejudgment and post-judgment interest, and such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF ROBERT D. CLEMENTS, JR.
AND ASSOCIATES

ROBERT D. CLEMENTS, JR.
State Bar No. 04369600
CHRIS R. LAY
State Bar No. 24026114
MELISSA KRAMPOTA
State Bar No. 24070081
1600 E. Highway 6, Suite 318
Alvin, Texas 77511
Telephone: (281) 331-1325
Facsimile: (281) 331-8777
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document has been forwarded to all parties and/or counsel of record in accordance with the Texas Rules of Civil Procedure on the 25th day of October, 2010.

Brian Chandler
*Ramey, Chandler, McKinley & Zito, P.C.*
750 Bering Drive, Suite 600
Houston, Texas 77057
Attorneys for John and Peggy Wright
VIA: Facsimile at 713-266-1064

Steven T. Parker
*The Parker Law Firm*
715 Clear Lake Road, Suite 101
Kemah, Texas 77565
Attorney for Carlen Concepts, LLC
VIA: Facsimile at 281-334-6215

Kenneth C. Kaye
*Attorney At Law*
1101 West Main Street, Suite P
League City, Texas 77573
Attorney for Grant and Rebecca Dietz
VIA Facsimile at 281-332-4526

Melissa Krampota